UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD GRODEN, as Executive Director of the New England Teamsters and Trucking Industry Pension Fund, <br>     Plaintiff, <br><br> v. <br><br> REICHERT & SON TRUCKING, INC. and REICHERT & SON FUEL OIL, INC., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 16-10378-MLW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                                          March 15, 2018

This action is brought by Edward F. Groden, Executive Director of the New England Teamsters and Trucking Industry Pension Fund (the "Fund" or "Pension Fund"), on behalf of the Fund. The Fund is a multiemployer pension plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§1381 et seq. The MPPAA requires an employer withdrawing from a multiemployer pension plan to pay a withdrawal fee equal to its proportionate share of the pension fund's vested but unfunded benefits. See 29 U.S.C. §1381; Sun Capital Partners III, LP v. New Eng. Teamsters & Trucking Indus. Pension Fund, 724 F.3d 129, 138 (1st Cir. 2013) (explaining purposes of withdrawal liability are to discourage employers from withdrawing from plans and to recoup lost funds).

The defendant Reichert & Son Trucking, Inc. ("Reichert Trucking") was an employer contributing to the Pension Fund. Reichert Trucking withdrew from the Fund in 2012 without satisfying its withdrawal liability and ceased doing business in 2014. The Fund sued Reichert Trucking on February 22, 2016 to recover its unpaid withdrawal liability (Count I). The Fund also seeks to hold defendant Reichert & Son Fuel Oil, Inc. ("Reichert Fuel") liable for Reichert Trucking's withdrawal payment under a theory of common control, based on the fact that Donna Reichert owned 100% of Reichert Trucking while her husband William Reichert owned 100% of Richard Fuel (Count II).

The case was referred to Magistrate Judge Dein for full pretrial purposes, including a report and recommendation on any dispositive motions. On May 5, 2017, the plaintiff filed a Motion for Summary Judgment against both defendants, seeking to recover statutory damages for the withdrawal liability of Reichert Trucking (the "Motion"). The defendants concede in their opposition that judgment should enter against Reichert Trucking, but argue that Reichert Fuel should not also be held liable. Defendants argue there is no common control between the companies or, in the alternative, that material disputed facts preclude summary judgment on the issue of Reichert Fuel's liability.

The Magistrate Judge issued her Report and Recommendation on February 12, 2018. In it, she concludes that the Fund is entitled

2

to judgment on Count I because the defendants concede Reichert Trucking is liable for withdrawal payments. The Magistrate Judge also recommends that Reichert Fuel be held liable for Reichert Trucking's withdrawal liability, as asserted in Count II, because there is no genuine dispute that the companies were under common control and constitute a single employer for purposes of withdrawal liability. She found that the theory of common control applies to the defendant entities because the spousal attribution regulation states than an individual is "considered to own an interest owned, directly or indirectly, by or for his or her spouse." 26 C.F.R. §1.414(c)-4(b)(5); see, e.g., Cent. States, S.E. & S.W. Areas Pension Fund v. Johnson, 991 F.2d 387, 389 (7th Cir. 1993). As previously noted, Donna and William Reichert are married. Donna Reichert owned 100% of Reichert Trucking and William Reichert owned 100% of Reichert Fuel. The defendants do not satisfy a regulatory exception to the spousal attribution rule, see 26 C.F.R. §1.414(c)-4(b)(5)(ii)(B), because both Donna and William Reichert were actively involved in the management of both companies. Accordingly, the Magistrate Judge recommends that the Motion be allowed and that judgment enter against all named defendants, including all aliases of Reichert Fuel.

The deadline for the parties to file objections to the Magistrate Judge's Report and Recommendation has passed. No objections were filed. Where no objections have been filed to a

3

report and recommendation, the court is not required to engage in de novo review, or even in "some lesser standard" of review. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985); 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the court is encouraged "to afford some level of review to dispositive legal issues." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). Accordingly, the court has given "reasoned consideration" to the Magistrate Judge's Report and Recommendation. See id. The court finds it to be thorough, thoughtful, and persuasive. Therefore, the Report and Recommendation is being adopted.

The plaintiff has also filed a Motion for Entry of Judgment and provided an updated calculation of the amounts due with supporting affidavits and billing records. When, as in this case, a fiduciary of a pension plan seeks to recover delinquent contributions and the court enters judgment in favor of the plan, the plan is statutorily entitled to recover: (a) the amount of unpaid contributions, which in this case is the withdrawal payment; (b) interest on the unpaid contributions as provided for by the plan; (c) liquidated damages equal to the greater of the interest amount or 20% of the unpaid contributions; and (d) reasonable attorney's fees and costs. See 29 U.S.C. §1132(g)(2).

Plaintiff's affidavits and billing records show that defendants owe a total of $377,240.06, consisting of: (a) $252,115 for unpaid withdrawal liability; (b) $35,879.57 in interest, at an

4

annual rate of 5% compounded according to the 2014 Rules and Regulations for the Pension Fund; (c) $50,423 in liquidated damages, calculated as 20% of the amount of withdrawal liability; and (d) $35,665 in attorney's fees, at a rate of $350.00 per hour for 101.9 hours, and $3,157.49 in costs. Therefore, plaintiff's Motion for Entry of Judgment is adequately supported, and judgment against defendants in the amount of $377,240.06 is proper.

In view of the foregoing, it is hereby ORDERED that:

1. The Magistrate Judge's Report and Recommendation (Docket No. 46) is ADOPTED and INCORPORATED pursuant to 28 U.S.C. §636.

2. For the reasons stated in the Report and Recommendation, the plaintiff's Motion for Summary Judgment (Docket No. 32) is ALLOWED.

3. Plaintiff's Motion for Entry of Judgment (Docket No. 47) is ALLOWED. Judgment shall enter in the amount of $377,240.06 against defendants Reichert & Son Trucking, Inc., Reichert & Son Fuel Oil, Inc., and all aliases of Reichert & Son Fuel Oil, Inc., jointly and severally.

_____
UNITED STATES DISTRICT JUDGE